```
          IN THE UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

```
    CAMILLE E. SANFORD,

                          Plaintiff,
                                        Civil No. 13-0366(NLH)
    v.
                                        OPINION
    COMMISSIONER OF SOCIAL
    SECURITY,

                          Defendant.
```

**APPEARANCES:**
RICHARD LOWELL FRANKEL
BROSS & FRANKEL, PA
102 BROWNING LANE, BLDG C-1
CHERRY HILL, NJ 08003
　　*On behalf of Plaintiff*

MARIA PIA FRAGASSI-SANTANGELO
OFFICE OF THE US ATTORNEY
SOCIAL SECURITY ADMINISTRATION
26 FEDERAL PLAZA, ROOM 3904
NEW YORK, NY 10278
　　*On behalf of Defendant*

**HILLMAN**, District Judge

　　This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of the Social Security Administration, denying plaintiff's application for disability insurance benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, et seq.  The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that plaintiff was

not disabled at any time since her alleged onset date of disability, November 16, 2008.  For the reasons stated below, this Court will remand this matter to the ALJ to evaluate the reports of plaintiff's chiropractors using the same factors applicable to acceptable medical sources, and if such reports are rejected or given little weight, to include his reasoning for doing so.  On all other grounds, we will affirm.

I.   BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff filed an application for a period of disability and disability insurance benefits alleging a disability beginning November 16, 2008.  On that date, plaintiff was injured in a motor vehicle accident and was seen at the emergency room at Kennedy Health System with complaints of pain in the head, neck, back right leg, knee and ankle.  Plaintiff was diagnosed with cervical strain and closed head injury. Plaintiff alleges that she suffers from disorders of the neck, including radiculopathy and headaches, discogenic and degenerative disorders of the back and anxiety disorder. Plaintiff has a college education and previously worked at Chestnut Hill Hospital as a controller.

    Plaintiff's claim was denied on April 13, 2010, and denied on reconsideration on July 2, 2010.  A hearing before the ALJ

was held on May 3, 2011, and plaintiff was represented by counsel. After the hearing, the ALJ determined that plaintiff's discogenic and degenerative disorders of the back, and anxiety disorder were severe impairments, but that her impairments did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). The ALJ also found that plaintiff has the residual functional capacity to perform sedentary work, but that due to her mental impairment she has the capacity for only unskilled work.

Plaintiff appealed the decision. The Appeals Council reviewed the ALJ's decision, and upheld it, rendering it final. Plaintiff now seeks this Court's review.

**II. DISCUSSION**

    **A.    Standard of Review**

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for disability insurance benefits. <u>Ventura v. Shalala</u>, 55 F.3d 900, 901 (3d Cir. 1995). A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir.

3

2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality. See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp 273, 278 (M.D. Pa. 1987) (citing

Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)).  The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections."  Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000).  Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him.  Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004).  In terms of judicial

5

review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards.  Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

     B.    **Standard for Disability Insurance Benefits**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a plaintiff qualifies as disabled only if his physical or mental impairments are of such severity that he is not only unable to perform his past relevant work, but cannot, given his age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work

exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated regulations for determining disability that require application of a five-step sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step process is summarized as follows:

1. If the claimant currently is engaged in substantial gainful employment, he will be found "not disabled."

2. If the claimant does not suffer from a "severe impairment," he will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4. If the claimant can still perform work he has done in the past ("past relevant work") despite the severe impairment, he will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not he is capable of performing other work which exists in the national economy.  If he is incapable, he will be found "disabled."  If he is capable, he will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f).  Entitlement to benefits is therefore dependent upon a finding that the claimant is

incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983).  In the first four steps of the analysis, the burden is on the claimant to prove every element of his claim by a preponderance of the evidence.  See id.  In the final step, the Commissioner bears the burden of proving that work is available for the plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

**C.  Analysis**

Plaintiff argues that the ALJ erred: (1) in rejecting the opinions of her treating chiropractors; (2) by denying her benefits based on an incorrect assumption that she received unemployment benefits; and (3) in his assessment of her credibility.  We address these issues in turn.

**1.  Opinion of Plaintiff's Treating Chiropractors**

Plaintiff argues that the ALJ failed to adequately evaluate the opinions of her chiropractors, particularly Dr. Fred Chang,

8

by failing to point to what evidence from Dr. Chang's records he found inconsistent.  A chiropractor is not considered an "acceptable medical source" pursuant to SSR 06-03p.

According to SSR 06-03p:

> Information from these "other sources" cannot establish the existence of a medically determinable impairment.  Instead, there must be evidence from an "acceptable medical source" for this purpose.  However, information from such "other sources" may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function.

The ALJ properly characterized and treated Dr. Chang, and the other chiropractors, as "other sources," not "acceptable medical sources."  Also, the ALJ correctly observed that "only 'acceptable medical sources' can be considered treating sources ... whose medical opinion may be entitled to controlling weight."  See SSR 06-03p.  SSR 06–3P explicitly states, "The fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source' because ... 'acceptable medical sources' are the most qualified health care professionals."  Id.  However, an opinion from an "other source" may not be rejected solely on the basis that it is not from an "acceptable medical

9

source."

Here, the ALJ stated that he gave little weight to the opinions of Drs. Alberti and Chang "since these assessments are not from an 'acceptable medical source'". The ALJ's opinion does not adequately explain why Dr. Alberti's or Dr. Chang's reports were afforded little weight. Although chiropractors are considered "other sources," if, as the case here, they "have seen the individual in their professional capacity" then their opinion "should be evaluated by using the applicable factors ... in the section 'Factors for Weighing Opinion Evidence'" (20 C.F.R. § 404.1527) which are the same factors used to evaluate "acceptable medical sources." See SSR 06-3p.

It also important to note that Dr. Chang treated plaintiff from approximately June 2009 until February 2011. As such, he had an ongoing treatment relationship with the plaintiff. Dr. Alberti and Dr. Bauer (who appear to also practice at Chiropractic and Rehabilitative Exercise Center with Dr. Chang) also treated plaintiff in late 2008/early 2009. Overall, plaintiff had been receiving chiropractic care for an extended period of time and, therefore, the ALJ's opinion should contain an evaluation using the applicable factors for weighing opinion evidence for these providers. See Wooten v. Commissioner of

10

Social Sec. Admin., No. 06-5095, 2008 WL 700069, at *12 (D.N.J. Mar. 12, 2008) (finding that psychotherapist's assessment should be considered to be competent evidence even though not an "acceptable medical source"); Echols v. Astrue, No. 06-04076, 2008 WL 305101, at *6 (E.D.Pa. Jan. 30, 2008) (remanding on grounds that the ALJ failed to explain why he accorded greater weight to the opinion from an "acceptable medical source" than to the opinion from a medical source who was not an "acceptable medical source.").

Thus, this matter shall be remanded for an evaluation of the reports of plaintiff's chiropractors using the same applicable factors used for acceptable medical sources.

### 2. Unemployment Benefits

Plaintiff also urges this Court to conclude that the ALJ erred in finding that she had accepted unemployment benefits and relying on that fact to both assess her credibility and her claim of disability. In his opinion, the ALJ stated that the claimant "reported to Dr. Waters[1] that she was receiving unemployment benefits" and noted that "the claimant's acceptance

---

1   Robert J. Waters, Ph.D. conducted a consultative mental status examination at the request of the Social Security Administration.

of unemployment benefits is inconsistent with her claim for disability."

Plaintiff denies ever having received unemployment benefits. In support thereof, plaintiff submitted an affidavit attached to her reply brief in this Court denying that she told Dr. Waters she received unemployment benefits, or that she ever received unemployment benefits.

The problem with this argument is that Plaintiff's denial comes too late. Plaintiff's affidavit denying receipt of unemployment benefits was not presented to the ALJ or to the Appeals Council. In order for it to be considered here for the first time it must be new and material and good cause must be shown explaining why the evidence was not presented during the administrative process. See Matthews v. Apfel, 239 F.3d 589, 591-93 (3d Cir. 2001)[2] ("evidence first presented to the district

---

2  The Third Circuit outlined the administrative process as follows:

> The administrative review process is governed by Social Security Administration regulations. If a claimant's disability application is denied, s/he may request a reconsideration by the Social Security Administration. If the claimant is dissatisfied with the reconsideration determination, s/he may request a hearing before an administrative law judge, where the claimant can present evidence of impairments.  If the claimant is dissatisfied with the ALJ's decision,

12

court must not only be new and material but also be supported by a demonstration by claimant of 'good cause for not having incorporated the new evidence into the administrative record.'") (citing Szubak v. Sec'y of HHS, 745 F.2d 831, 833 (3d Cir. 1984)).

Plaintiff had a duty to review her medical records as submitted to the ALJ and correct any factual deficiencies.  The ALJ expressly addressed counsel at the hearing on the question of whether unemployment benefits were received and it was incumbent upon counsel to correct any misunderstandings as early as possible and, if need be, request that his client testify as to any factual issue raised by the ALJ.  Even if plaintiff was unaware that the ALJ would rely on the statement in Dr. Waters' report in his opinion, she could have filed her affidavit on review before the Appeal Council of the Social Security

---

> s/he may request the Appeals Council to review the decision.  The regulations permit the claimant to submit to the Appeals Council "new and material" evidence that relates to the period on or before the date of the ALJ's hearing decision.  The Appeals Council then must "evaluate the entire record including the new and material evidence submitted."
>
> Matthews, 239 F.3d at 591-92 (internal citations omitted).

13

Administration.  Plaintiff did none of these things.  Rather, it was not until she filed her reply brief in district court, that she submitted an affidavit denying receipt of unemployment benefits.

The Third Circuit has held that sound public policy encourages disability claimants "... to present to the ALJ all relevant evidence concerning the claimant's impairments."  Id. at 595.  "If we were to order remand for each item of new and material evidence, we would open the door for claimants to withhold evidence from the ALJ in order to preserve a reason for remand."  Id. (citing Szubak, 745 F.2d at 834.  A plaintiff should not get "another bite at the apple" because she failed to present material evidence to the ALJ.  See id.

Here, no good reason has been proffered for plaintiff's failure to correct any factual discrepancy prior to filing in the district court.  Therefore, this cannot be a basis for remand.  See Chandler v. Commissioner of Social Sec., 667 F.3d 356, 360 (3d Cir. 2011) ("... remand based on new evidence is only appropriate where the claimant shows good cause why that evidence was not procured or presented before the ALJ's decision.").  However, since the Court will remand this matter to the ALJ on the issue of plaintiff's secondary medical

14

sources, see supra, we leave it to the administrative process to determine whether Plaintiff may seek to re-open the record and present such evidence on remand.

### 3. Plaintiff's Credibility

Plaintiff further argues that ALJ erred in his determination of plaintiff's credibility. Plaintiff relies mainly on the ALJ's belief that plaintiff received unemployment benefits to argue that this mistake resulted in the ALJ finding plaintiff less than fully credible. As discussed, plaintiff has failed to present good cause for her failure to correct any factual errors that may have occurred before the ALJ. Thus, plaintiff's request to remand on grounds that the ALJ's credibility determination was in error will be denied. See Metz v. Federal Mine Safety and Health Review Com'n, 532 Fed.Appx. 309, 312 (3d Cir. 2013) ("Overturning an ALJ's credibility determination is an 'extraordinary step,' as credibility determinations are entitled to a great deal of deference.").

## III. CONCLUSION

For the reasons expressed above, this matter shall be remanded to the ALJ to evaluate the reports of plaintiff's chiropractors using the same applicable factors used for

15

acceptable medical sources, and to provide reasons if such reports are rejected or given little weight.  The ALJ may consider at his discretion and under applicable regulations and procedure whether to consider plaintiff's new evidence concerning receipt of unemployment benefits.

   An accompanying Order will be issued.


Date:  March 28, 2014                    s/Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.